UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA B. BERTSCHY-GALLIMORE, )
    Plaintiff, )
) No. 1:15-cv-352
-v- )
) HONORABLE PAUL L. MALONEY
U.S. BANK NATIONAL ASSOCIATION, AND )
U.S. BANK HOME MORTGAGE, )
    Defendants. )
_____)

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR MOTION FOR SUMMARY JUDGMENT

In this matter, Plaintiff Barbara Bertschy-Gallimore alleges wrongful foreclosure, breach of contract, fraudulent misrepresentation, Real Estate Settlement Procedures Act, and negligence claims against Defendants U.S. Bank National Association and U.S. Bank Home Mortgage stemming from the foreclosure sale of real estate in Niles, Michigan. Plaintiff seeks to set aside the Sheriff's deed on the property, an order requiring Defendants to evaluate Plaintiff for certain home retention options or a loan modification, and damages. The action was removed from state court on April 1, 2015.

Defendants filed the instant motion for judgment on the pleadings or motion for summary judgment on April 22, 2015, alleging that Plaintiff's complaint fails to state any valid cause of action. (ECF No. 8.) Plaintiff filed a response (ECF No. 12) and Defendants filed a reply (ECF No. 16). Oral argument was held on the motion on June 22, 2015. For the reasons discussed below, the motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff obtained a refinanced mortgage loan from Defendants for $165,400 on May 25, 2006. Plaintiff defaulted on her loan in September 2010, but the parties reached a forbearance agreement on September 15, 2010. Plaintiff was also approved for a Home Affordable Modification on July 8, 2011.

Loan payments were then modified through a trial payment plan on January 25, 2012, and Plaintiff successfully paid $1,144.97 for the months of February, March, and April 2012. Then, Defendants agreed to a permanent modification that resulted in payments of $1,117.93 per month beginning in May 2012. Plaintiff became delinquent on the mortgage payments again on September 1, 2012 and applied for mortgage assistance around October 26, 2012 after she suddenly became unemployed. The August 2012 payment is the last payment Plaintiff has made to Defendants. Plaintiff's October 2012 request for mortgage assistance was denied on December 1, 2012 because she failed to provide the necessary information to process the application. Defendants then notified Plaintiff on December 12, 2012 that they were going to initiate a foreclosure action.

On December 24, 2012, Defendants granted Plaintiff unemployment forbearance, which required no payments from February 2013 to July 2013. Because she had not yet found employment as of July 8, 2013, Plaintiff requested an extension of the unemployment forbearance, which Defendants denied. Although Plaintiff applied for further mortgage assistance to retain her home on September 3, 2013, her request for assistance was closed on October 24, 2013 because she failed to provide the necessary documents requested by Defendants.

Plaintiff again applied for assistance on December 17, 2013, but Defendants indicated by letter sent December 20, 2013 that her application was missing certain documents. Defendants requested the necessary documents a total of five times between December 2013 and March 2014. Ultimately, Plaintiff's request for mortgage assistance was again denied; Defendants considered her eligibility for seven different modification programs and explained the reasons why she was not approved for any of them. Defendants then indicated that foreclosure activities would continue. In May 2014, notice of the mortgage foreclosure

sale was published in the local newspaper and notice was posted on Plaintiff's front door by a Cass County deputy sheriff.

Plaintiff requested mortgage assistance again on May 19, 2014, and again the application was missing documents. After two requests for documents were sent to Plaintiff, the review was closed on July 22, 2014. A Sheriff's sale of the property occurred on September 24, 2014. It was sold to the Federal Home Loan Mortgage Corporation. Plaintiff yet again requested mortgage assistance on November 10, 2014, this time through counsel at the Law Offices of Steven B. Ruza. Plaintiff also filed a complaint with the Consumer Financial Protection Bureau. Defendants notified Plaintiff on November 28, 2014 that they had closed her previous review file in error and later determined that Plaintiff had provided all of the necessary documents for the application. (ECF No. 1, PgID # 26-28.) Defendants reopened the file and indicated that (1) they needed additional documents, (2) the redemption period would expire March 24, 2015, and (3) the foreclosure sale would be rescinded if Plaintiff was approved for loss mitigation assistance. Defendants requested additional documents a total of three times, the latest on February 28, 2015.

Plaintiff asserts that her latest application for assistance was never granted or denied, and that the letter from Defendants admitted that the Sheriff's sale was improper. She believes Defendants misled her for over three years to believe that home retention options were available and they would work with Plaintiff so she would not lose her home. Thus, on February 17, 2015, Plaintiff filed the instant lawsuit in Cass County, alleging five counts: (I) wrongful foreclosure, (II) breach of contract, (III) fraudulent misrepresentation, (IV) violation of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024.38 and 1024.41, and (V) negligence. Plaintiff's last request for mortgage assistance was denied on March 18,

2015. The action was removed to federal court on April 1, 2015.

In this motion, Defendants assert that none of Plaintiff's claims can succeed because: (1) the undisputed facts refute Plaintiff's claims for wrongful foreclosure, (2) Plaintiff cannot challenge a completed foreclosure, (3) Michigan does not recognize an independent action for an alleged breach of a contract's implied covenant of good faith and fair dealing, (4) Plaintiff fails to plead fraud with the requisite particularity, the fraud claim is barred by the statute of limitations, and the undisputed facts refute Plaintiff's fraud claim, (5) RESPA does not provide protection for serial applications for loss mitigation assistance, nor does it authorize equitable relief, and (6) U.S. Bank had no duty to provide Plaintiff with a loan modification.

## II. LEGAL FRAMEWORK

### A. Motion to Dismiss

Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Although the court considers the well-pled factual allegations in the complaint, a motion to dismiss turns exclusively on questions of law. *See Thomas v. Arn*, 474 U.S. 140, 150 n.8 (1985); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 674-75 (2009) ("Evaluating the sufficiency of the complaint is not a 'fact-based' question of law . . .").

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." *Id.* (internal citation omitted). Only enough facts are required "to state a claim to relief that is plausible on its face." *Id.* at 570; *see Iqbal*, 129 S. Ct. at 1949. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). The plausibility standard is not the same thing as "a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and citations omitted). When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform*, 648 F.3d at 369. Plausibility is determined in light of the context of the allegations. *Id.*

  B. *Motion for Summary Judgment*

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the moving party has carried its burden, the nonmoving party must set forth specific facts, supported by evidence in the record, showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–252. The function of the district court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Resolution Trust Corp. v. Myers*, 9 F.3d 1548 (6th Cir. 1993) *(citing Anderson,* 477 U.S. at 249).

**IV.**   **ANALYSIS**

    *A.*   *Count I: Wrongful Foreclosure*

In Count I, Plaintiff alleges that Defendants violated Michigan's foreclosure laws in four ways: (1) failing to properly calculate the amount claimed to be due on the date of the notice of foreclosure, (2) failing to post notice of the foreclosure sale on the subject property, (3) failing to publish notice of the foreclosure sale for four consecutive weeks, and (4) failing to properly evaluate Plaintiff for all home retention options. It is unclear which provision of Michigan law is alleged to have been violated because the statute cited in the complaint (MCL 600.320) concerns salaries and expenses of the court of appeals, not foreclosures. Defendants argue that (1) the initial foreclosure letter provided Plaintiff with the breakdown of money owed and Plaintiff has not shown that it is incorrect; (2) Exhibit 21, an affidavit of publication, proves that the notice of foreclosure sale was published for four consecutive weeks in the Dowagiac Daily News; (3)

Exhibit 22, an affidavit of Deputy Sheriff Larry Gorham, proves that the notice was posted at the subject property; and (4) Plaintiff was evaluated for home retention options multiple times and she has not shown how the evaluations were improper or that she would have qualified for assistance otherwise. Additionally, Defendants argue that Plaintiff cannot challenge the foreclosure sale because the redemption period has expired and she has not shown a strong case of fraud or irregularity relating to the foreclosure procedure itself.

In her response, Plaintiff appears to abandon all but the last theory of wrongful foreclosure. She argues only that Defendants never truly evaluated her for home retention options because each application was dismissed for failure to provide the proper documents, and that she should have been considered for the HAMP Tier 2 modification. At oral argument, counsel conceded that Plaintiff was not eligible for the HAMP modification, but argued that she should have been granted either a Streamlined or Ultra modification. Additionally, she argues that she can challenge the foreclosure because her suit was filed prior to the expiration of the redemption period and that Michigan law allows such challenges after the redemption period has expired. In reply, Defendants argue that they had no duty to evaluate Plaintiff for any specific loss mitigation option under the Code of Federal Regulations or HAMP. Because the Court considered materials outside of the complaint in order to resolve the dispute on this issue, the motion will be treated as a motion for summary judgment rather than a motion to dismiss.

Plaintiff has failed to establish a genuine issue of material fact concerning Defendants' calculation of the amount claimed to be due or publication of the required notices. Plaintiff has not provided any evidence to refute the documentation submitted by Defendants, and does not allege how the amount due was incorrect. Likewise, Plaintiff has failed to establish a genuine issue of fact concerning the notices

required. Defendants' exhibits establish that notice was published for four weeks and posted on Plaintiff's property, and Plaintiff has provided nothing that questions the documents' reliability.

Additionally, Defendants are correct that they had no duty to evaluate Plaintiff for the HAMP Tier 2, Streamlined, or Ultra modifications. *See* 12 C.F.R. § 1024.41 ("Nothing in § 1024.41 imposes any duty on a servicer to provide any borrower with any specific loss mitigation option."); *Szczodrowski v. Specialized Loan Servicing, LLC,* No. 15-10668, 2015 U.S. Dist. LEXIS 57327 (E.D. Mich. May 1, 2015) (finding that Plaintiff's RESPA and negligence claims failed because they were premised on defendants' failure to properly evaluate the plaintiff for loan modification under the HAMP program). Even more, Plaintiff has not demonstrated or even alleged that she would have been eligible for a loan modification if she had been evaluated for the other modification programs. The allegations in the complaint might vaguely imply such an allegation, but they are insufficient to put Defendant on notice of the claim as is required by notice pleading.

For these reasons, Plaintiff has not demonstrated a genuine issue of material fact that would allow the wrongful foreclosure provision to survive this motion. The motion for summary judgment is **GRANTED** on Count I and Count I is **DISMISSED**.

    B.    *Breach of Contract*

In Count II of her complaint, Plaintiff alleges that Defendants breached the implied covenant of good faith and fair dealings imposed in every contract by (1) disingenuously negotiating loss mitigation options with Plaintiff and her representatives without providing an approval or denial for all home retention options, and (2) misleading Plaintiff about an approval and multiple extensions of time for loss mitigation options as an alternative to foreclosure. Defendants argue that Michigan does not recognize an independent

action for breach of a contract's implied covenant of good faith and fair dealing, so a party must prove a breach of the underlying contract itself. They assert that Plaintiff has not alleged that Defendants violated any provision of the contract itself. In her response brief, Plaintiff asserts that this cause of action is viable under Michigan law, citing a number of cases that merely recognize the existence of the covenant. At oral argument, Plaintiff conceded that there is no basis for the breach of contract claim in light of longstanding and binding Michigan Supreme Court precedent *Kewin v. Massachusetts Mutual Life Ins. Co.*, 409 Mich. 401, 423; 295 N.W.2d 50 (Mich. 1980). Thus, the motion to dismiss this claim is **GRANTED** and Count II is **DISMISSED**.

### C.   *Fraudulent Misrepresentation*

Count III of Plaintiff's complaint alleges that Defendants knowingly made false statements to Plaintiff concerning the documents needed for the loss mitigation applications, her eligibility for a loan modification, Defendants' review of her applications, and when the foreclosure would happen. (ECF No. 1 at ¶ 37.) Defendants argue that this claim must fail for three reasons: (1) Plaintiff has not pled the claims with the particularity required by Rule 9 and cannot establish damages; (2) the claim is barred by Michigan's statute of frauds; and (3) there is no genuine issue of material fact on the fraud claim, as future promises cannot give rise to an actionable fraud claim. Plaintiff baldly argues that the fraud claim is pled with particularity, merely reciting the complaint language, and admits that Plaintiff does not know the names of the representatives with whom she spoke but intends to learn those names through discovery. Next, Plaintiff argues that the claim is not barred by the statute of frauds, although the basis for the argument is unclear. The only authority cited, *Kim v. JP Morgan Chase Bank,* 493 Mich. 988; 25 N.W.2d 329 (Mich. 2012)

9

does not involve a fraud claim or the statute of frauds. Plaintiff's reliance on its discussions of the merits of a claim does not solve the statute of frauds problem. Plaintiff does not respond to Defendants' argument that no genuine issues of material fact exist. The sufficiency of the complaint on this claim was addressed under the motion to dismiss standard, and none of the materials outside of the complaint were considered here.

Although the fraud count suffers from a number of defects, the statute of frauds provides a sufficient basis to dismiss the claim most efficiently. Michigan's statue of frauds states, *inter alia*:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

MCL 566.132. The statute is broadly construed to preclude all actions to enforce the terms of an oral promise to waive any loan provision. *Crown Tech Park v. D&N Bank, FSB,* 242 Mich. App 538; 619 N.W.2d 66 (Mich. Ct. App. 2000). The Michigan Court of Appeals has repeatedly held that oral representations to modify a mortgage loan fall within the category of promises to waive a loan provision. *See, e.g.*, *Edgett v. Flagstar Bank*, No. 311092, 2014 Mich. App. LEXIS 372 (Mich. Ct. App. Feb. 25, 2014) (dismissing claim based on loan modification under statute of frauds).

As noted above, Defendants had no duty to evaluate Plaintiff for a specific loan modification

program. Thus, her claim can only be premised on Defendants' failure to approve Plaintiff for a loan modification in light of representations that suggested such a modification was forthcoming. This type of promise falls squarely within the confines of the statute of frauds. Plaintiff has not alleged that a writing signed by the financial instruction promising her a modification exists, nor has she attached such a writing to her complaint or response to the dispositive motion. Additionally, the "writings" on which she attempted to rely at oral argument–communications about the modification process–do not contain a promise or commitment that such a modification would be granted. Accordingly, her fraud claim is barred by the statue of frauds.

In the alternative, the Court also finds that paragraph 37 of Plaintiff's complaint fails to state a fraud claim with particularity. Under Federal Rule of Civil Procedure 9(b), fraud claims must be plead with particularity. This means the complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). "At a minimum, Plaintiff[] must allege the time, place and contents of the misrepresentations upon which [she] relied." *Id.* The complaint must place the defendant on sufficient notice of the misrepresentation to allow the defendant to answer it in an informed way. *Coffey v. Foamex, LP,* 2 F.3d 15, 162 (6th Cir. 1993).

The allegations in paragraph 37 of Plaintiff's complaint plainly fail to comply with the above requirements. No specific statements are included, and no dates or times or circumstances surrounding the alleged misrepresentations are pled. Defendants cannot possibly answer the vague allegations in an informed manner. Thus, the complaint fails to plead the fraud claims with particularity and Count III must be **DISMISSED**. Defendants' motion to dismiss is **GRANTED** as to Count III.

D.     RESPA

The fourth count of Plaintiff's complaint alleges that Defendants violated the Real Estate Settlement Procedures Act based on her application submitted May 19, 2014 and the Sheriff's sale of the subject property. The complaint requests that the Court (1) set aside the Sheriff's Deed on the property, (2) order Defendant to conduct a proper evaluation of Plaintiff's mortgage loan for a modification under certain provisions, and (3) award monetary damages, specifically arrearages added to Plaintiff's mortgage loan and costs and attorney's fees. Defendants argue that this claim cannot survive for two reasons: (1) RESPA provides no protection for serial applications for loss mitigation, and (2) RESPA does not permit equitable relief and Plaintiff cannot show any monetary damages. Plaintiff argues that Defendants are at fault for Plaintiff's serial modification applications because they repeatedly denied Plaintiff's applications due to missing documents. Again, Plaintiff fails to include any case law to support her argument, which is especially questionable given Plaintiff's repeated failure to provide the documents sought by Defendants. Further, Plaintiff argues that she is entitled to injunctive relief or damages for the value of the home, emotional damages, costs, and attorneys fees. The Court considered documents outside of those attached to the pleadings, so this portion of the motion was treated as a motion for summary judgment under Rule 56.

RESPA provides borrowers a private right of action against a lender who fails to provide the borrower with an opportunity to submit a loss mitigation application before it conducts a foreclosure sale. 12 C.F.R. 104.41. A borrower may recover any actual damages resulting from a servicer's failure to follow the rule, plus costs and attorneys fees. However, the regulation has certain clear limits on its reach, including the direction that a servicer has no duty to provide the borrower with any specific loss mitigation option. 12 C.F.R. 1024.41(a). Additionally, "a servicer is only required to follow the procedures described in the

loss mitigation rule for a single complete loss mitigation application." *Houte v. Green Tree Servicing, LLC*, No. 14-cv-14654, 2015 WL 1867526, at *3 (E.D. Mich. April 23, 2015). The Eastern District of Michigan recently addressed this provision of RESPA in *Houte*, holding that:

> A borrower may not bring an action for violation of the loss mitigation rule if the borrower has previously availed himself of the loss mitigation process. The rule does not require that the borrower actually received a loan modification; rather, it merely requires that a completed application be properly processed and considered.

*Id.* Even if a borrower does prove a violation of RESPA, the statute provides that the remedy of setting aside the Sheriff's sale is unavailable; § 2605(f) provides that only actual monetary damages are available. *Id.* At *4. Further, the plaintiff must plead damage allegations in order to seek such monetary relief. *Id.*

The record in this case disproves Plaintiff's allegation that all of her loss mitigation applications prior to the May 2013 application were denied without being reviewed for lack of documents. Exhibit 20 to Defendants' motion is a letter sent to Plaintiff on April 23, 2014 which lists the possible loan modifications and the reasons why Defendant determined that Plaintiff was not eligible or approved for each program, pursuant to her December 2013 application. (ECF No. 8-21.) This document demonstrates that the application was processed and considered, not rejected for missing documentation. Count IV of the complaint relies solely on alleged defects in Defendants' treatment of Plaintiff's May 2014 application, which was submitted after her December 2013 application was denied. For these reasons, § 1024.41(i) forecloses a challenge to the May 2014 application because Plaintiff previously availed herself of the loss mitigation process and her completed application was properly processed and considered.

Even if Plaintiff could challenge the May application, her request that the foreclosure sale be set aside is an unavailable remedy under RESPA, as the regulation only authorizes monetary damages. Plaintiff acknowledged this limitation at oral argument. Plaintiff has only pled monetary damages based on

13

arrearages paid because of Defendants' alleged mishandling of her May 2014 application. However, the record establishes that Plaintiff did not make a single payment after her August 2012 mortgage payment, which occurred before the alleged RESPA violations. Because her claims are meritless, Plaintiff cannot request costs or attorney's fees. Thus, Plaintiff cannot prove any monetary damages and this claim cannot survive. For the above reasons, Defendants' motion for summary judgment is **GRANTED** on this issue and Count IV shall be **DISMISSED**.

### E. Negligence

Finally, Count V alleges that Defendants breached their duty to exercise reasonable care in evaluating the May 2014 application by not reviewing or properly responding to Plaintiff's loan modification package. Defendants argue that they had no duty to provide Plaintiff with any specific loss mitigation option, so any violation of the statute is not actionable as negligence. Defendants also note that Plaintiff was evaluated and denied for the two programs for which she claims she should have been eligible. (See Ex. 20, ECF No. 8-21.) Plaintiff argues that a violation of federal law can support a state law claim even if it does not provide for a private right of action, citing *Mik v. Federal Home Loan Mortgage Corp.*, 743 F.3d 149, 166-67 (6th Cir. 2014). A negligence claim under Michigan law requires that a plaintiff show "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v. Consumers Power Co.*, 463 Mich. 1, 6; 615 N.W.2d 17 (Mich 2006). Because the Court considered documents outside of the pleadings, this portion of the motion was treated as a motion for summary judgment.

Like every other claim in this suit, Count V suffers from a number of defects. The count relies principally on the May 2014 application. The Court notes that after Plaintiff filed the instant complaint,

Defendants provided a decision on her May 2014 application, so inaction cannot form the basis of this claim. Additionally, the regulations clearly state that "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a). Plaintiff asserts that the federal regulations impose the duty she seeks to enforce, but has not identified the location or basis of that duty. The record reflects that Defendants evaluated Plaintiff for a number of loss mitigation options on at least two occasions. Additionally, Plaintiff was rejected for both the HAMP and Streamline modifications, so neither causation nor damages can be supported by any alleged failure to consider Plaintiff for those modifications. The Ultra modification raised for the first time at oral argument was not pled and thus cannot support Plaintiff's claim, and Plaintiff has not sufficiently pled that she would have been eligible for any loan modification program. Thus, Plaintiff has not shown that the foreclosure of her home would not have happened if Defendants had not been negligent as she alleges.

Plaintiff's citation to *Mik* is inapposite. In that case, the Sixth Circuit found that the plaintiff could allege violations of provisions of the Protecting Tenants at Foreclosure Act (PTFA) as the basis for state law claims. However, the PTFA imposed certain duties on the defendants and the Court found that the plaintiff adequately pled violations of those duties. Here, the statute expressly disclaims a duty to provide Plaintiff with any specific loan mitigation evaluation, and Plaintiff has failed to plead a violation of any established duty. Nor has Plaintiff sufficiently pled causation or damages, since she was evaluated and rejected for the two programs for which she claims she would have been eligible. Thus, the mask of federal law does not cover the defects in this claim, and it cannot survive. Defendants' motion for summary judgment is **GRANTED** and Count V is **DISMISSED**.

**V.     Conclusion**

For the above reasons, Defendants' motion to dismiss or motion for summary judgment is **GRANTED**. Counts II and III are dismissed for failure to state a claim upon which relief could be granted. Counts I, IV, and V are dismissed because no genuine issue of material fact exists that could support the claims. The complaint is **DISMISSED**.

## ORDER

For the reasons discussed in the accompanying opinion, Defendants' motion for judgment on the pleadings, or in the alternative, for summary judgment (ECF No. 8) is **GRANTED** and the complaint is **DISMISSED**. Judgment will enter in Defendants' favor.

**IT IS SO ORDERED**.

Date: June 24, 2015         /s/ Paul L. Maloney
                            Paul L. Maloney
                            Chief United States District Judge